```
********************************************************************
```
ENTIRE FILE AS LISTED ON ATTACHED DOCKET
```
********************************************************************
```

STATE OF NEW MEXICO   )
                                    ) ss.
COUNTY OF BERNALILLO)

      I the undersigned, Clerk of the District Court of the Second Judicial District of the State of New Mexico, within and for the County of Bernalillo, do hereby certify the above and foregoing to be a true, correct and complete copy of ENTIRE FILE AS LISTED ON ATTACHED DOCKET, **JAMES R. GLOVER as Personal Representative of the Wrongful Death Estate of IDALIA DOMINGUEZ, deceased, And Amelia Dominguez v. BALANCE TRANSPORTATION, LLC, and JOHN DOES #1-10** case number **D-202-CV-2017-06696** as the same remains on file and of record in my office.

      WITNESS my hand and the seal of said Court this ___OCT 1 7 2017___.

                   JAMES A. NOEL
                   CLERK OF THE DISTRICT COURT

By: _Laudes Peuz_
Deputy Clerk


EXHIBIT
A

2ND JUDICIAL DISTRICT COURT IN BERNALILLO COUNTY

# CASE DOCKET
## CASE NO. D-202-CV-2017-06696

| | | |
|---|---|---|
| James R Glover (PR), et al., | § | Location: **2nd District** |
| | § | Judicial Officer: **Franchini, Nancy J.** |
| v. | § | Filed on: **09/20/2017** |
| | § | |
| Balance Transportation LLC | | |

---

### CASE INFORMATION

**File Date** 09/20/2017

| | |
|---|---|
| **Cause of Action** | **Description/Remedy** |
| Other Damages | Action |

Case Type: **Tort Auto**

Case Status: **09/20/2017 Pending, Jury Trial**

**File Date** 09/20/2017

| | |
|---|---|
| **Cause of Action** | **Description/Remedy** |
| Wrongful Death, Auto | Action |

---

### CASE ASSIGNMENT

| DATE | |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | D-202-CV-2017-06696 |
| Court | 2nd District |
| Date Assigned | 09/20/2017 |
| Judicial Officer | Franchini, Nancy J. |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| Plaintiff | Dominguez, Amelia | **Brusuelas, Kimberly S.** *Retained* 505-247-9333(W) |
| | Glover (PR), James R | **Brusuelas, Kimberly S.** *Retained* 505-247-9333(W) |
| Defendant | Balance Transportation LLC | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 09/20/2017 | **Cause of Action** Other Damages   () <br> Action Type          Action | |
| 09/20/2017 | **Cause of Action** Wrongful Death, Auto   () <br> Action Type          Action | |
| 09/20/2017 | OPN: COMPLAINT | |
| 09/20/2017 | MTN: MOTION | |
| 09/20/2017 | JURY DEMAND 6 PERSON | |
| 09/20/2017 | ARB: CERT NOT SUBJECT | |
| 09/22/2017 | **Summons** <br> Balance Transportation LLC <br> Unserved | |
| 10/09/2017 | | |

2ND JUDICIAL DISTRICT COURT IN BERNALILLO COUNTY

# CASE DOCKET
## CASE NO. D-202-CV-2017-06696

📄 MTN: MOTION

Filed By:  Plaintiff  Glover (PR), James R;  Plaintiff  Dominguez, Amelia

*Amended Motion For Appointment Of James R. Glover As Personal Representative Of The Wrongful Death Act Estate Of Idalia Dominguez, Deceased*

| DATE | FINANCIAL INFORMATION |
|---|---|

**Plaintiff** Glover (PR), James R

| | |
|---|---|
| Total Charges | 282.00 |
| Total Payments and Credits | 282.00 |
| **Balance Due as of 10/17/2017** | **0.00** |

*Printed on 10/17/2017 at 4:37 PM*

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/20/2017 3:16:40 PM
James A. Noel
Patricia Serna

SECOND JUDICIAL DISTRICT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

JAMES R. GLOVER as Personal Representative
of the Wrongful Death Estate of IDALIA DOMINGUEZ, deceased,
And AMELIA DOMINGUEZ,

        Plaintiff,

v.                               Case No. ___D-202-CV-2017-06696___

BALANCE TRANSPORTATION, LLC, and
JOHN DOES #1-10,

        Defendants.

## COMPLAINT FOR NEGLIGENCE and WRONGFUL DEATH

      Plaintiffs, James R. Glover, as Personal Representative of the Wrongful Death Estate of

Idalia Dominguez, deceased, and Amelia Dominguez, bring this action through attorney's

Kimberly Brusuelas (BRUSUELAS & ASSOCIATES, PC) and Thomas J. Budd Mucci (MUCCI

LAW FIRM) and pursuant to the New Mexico Motor Transportation Act § 65-1-1, *et seq.*, New

Mexico Motor Vehicle Code § 66-1-1, *et seq.,* and New Mexico Statutory and Common Law.

## PARTIES, JURISDICTION, AND VENUE

   1.  James R. Glover is a licensed attorney with the New Mexico State Bar, is a resident of

Bernalillo County, New Mexico, and contemporaneous to filing this Complaint, submits a

Motion to for Appointment to serve as the Personal Representative of the Wrongful Death Estate

of Idalia Dominguez for the purpose of prosecuting this wrongful death action pursuant to N.M.

Stat. Ann. §41-2-1 (1978) *et seq*.

   2.  Plaintiff Amelia Dominguez resides in Luna County, New Mexico.

3.  Defendant Balance Transportation, LLC is a limited liability company registered with the Texas Secretary of State and doing business in New Mexico.

4.  Defendants John Doe's #1-10 are unidentified individual(s) employed by Balance Transportation, LLC, including but not limited to the driver of the CMV at the time of the incident, and the driver's supervisor.

5.  The Federal Motor Carrier Act which applies in New Mexico authorizing this lawsuit, providing in pertinent part that:

> A motor carrier or broker providing transportation...shall designate an agent in each State in which it operates by name and post office address on whom process issued by a court with subject matter jurisdiction may be served in an action brought against that carrier or broker.  49 USCA § 13304 (a) (2010).

6.  Balance Transportation, LLC failed to designate an agent in the State of New Mexico.

7.  Balance Transportation, LLC is engaged in the operation of a commercial motor vehicle transportation in New Mexico and is a motor carrier as defined in the Federal Motor Carrier Safety Regulations and the New Mexico Transportation Act § 65-1-1, *et seq.* Defendant's principal place of business at 10420 Montwood Dr., El Paso, TX, 79935.

8.  Defendant Balance Transportation, LLC is registered with the U.S. Department of Transportation under US D.O.T. number 1847472.

9.  Upon information and belief, Defendant Balance Transportation, LLC is the owner of the tractor and/or trailer involved in the incident.

10. Venue is properly before this court under Section 38-3-1 NMSA.

11. This court has subject matter jurisdiction over this matter.

## BACKGROUND FACTS

12.  All proceeding paragraphs are incorporated herein by reference.

13. Upon information and belief, on or about June 12, 2017 at approximately 4:43pm, a commercial motor vehicle (CMV) owned and/or operated by Defendant Balance Transportation, LLC was traveling eastbound on Highway 9 in Dona Ana County, New Mexico.

14. Upon information and belief, the CMV was a yellow semi-tractor decorated with a distinct Transformer character decal sticker.

15. Upon information and belief, at the time of the incident the yellow semi-tractor and its trailer was loaded with and hauling pallets of onions.

16. On June 12, 2017, Idalia Dominguez was driving her vehicle westbound on the public roadway, Highway 9, in Dona Ana County, New Mexico. Amelia Dominguez was a passenger in her sister, Idalia's vehicle at the time of the incident.

17. Upon information and belief, the CMV owned and/or operated by Balance Transportation, LLC was traveling in the opposite direction of traffic, in the eastbound lane towards Idalia's vehicle. Prior to impact, Amelia recalls a large black object hanging from the CMV's flatbed trailer as it approached Idalia's vehicle. The object was later identified as a sliding tie down winch.

18. As the CMV passed Idalia's vehicle, the unsecured tie down winch flew from the flatbed trailer, through the glass windshield and directly into Idalia's steering wheel impacting Idalia. Idalia fainted instantly.

19. Upon impact, Amelia turned the key shutting the vehicle engine off and yanked the steering wheel directing the vehicle off the road. Idalia's vehicle came to a stop approximately thirty yards from the roadway.

20. Eye witnesses at the scene recall the driver of the CMV owned and/or operated by Balance Transportation, LLC pulled over to the shoulder of the road after the incident. The male driver exited the CMV and walked a short distance on the roadway towards the scene. Once realizing what happened, he then returned to his CMV and sped off away from the scene.

21. Idalia later passed away from her injuries.

22. Amelia was transported to El Paso, Texas, for treatment of her injuries.

**COUNT I.**
**NEGLIGENCE OF DEFENDANT JOHN DOE #1**

23. All preceding statements and allegations of this Complaint are incorporated herein.

24. Defendant John Doe, a commercial driver, had a heightened duty to operate the commercial motor vehicle with due care for the safety and well-being of others.

25. At the time of the incident, John Doe was operating a commercial motor vehicle for interstate commerce and was subject to the provisions of 49 CFR §§ 304-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR."

26. Pursuant to New Mexico law, John Doe, a professional driver, owed the duty to exercise care for the safety of the person and the property of others.

27. Pursuant to federal law, a commercial vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated.  FMCSR §392.2.

28. Defendant John Doe breached his duties of care on June 12, 2017 by negligently operating a commercial truck on public roadways and highways and by:

   a.    failing to keep a proper lookout and maintain proper control of the vehicle at all times, placing himself and others in danger and causing the accident that led to Plaintiff's injuries;

b.    failing to give his full time and entire attention to the operation of the vehicle;

c.    operating a motor vehicle when he was physically unfit to do so, or when his ability or alertness was so impaired, or so likely to become impaired, through fatigue;

d.    speeding and/or failing to control his speed necessary to avoid automobile collision; and

e.    Failing to properly and adequately secure his load.

29. Defendant John Doe's actions/inactions constitute negligence, and negligence *per se* because he violated New Mexico statutes and regulations in force on June 12, 2017, including:

a.    the duty of every operator of a vehicle to keep a proper lookout and to maintain proper control of his vehicle at all times so as to avoid placing the operator or others in danger and to prevent an accident; N.M. U.J.I. 13-1202;

b.    the duty to give his full time and entire attention to the operation of the vehicle, as required by NMSA § 66-8-114(A);

c.    the duty not to operate a vehicle in a careless, inattentive or imprudent manner, as set forth in NMSA §66-8-114(B);

d.    the duty not to drive carelessly and heedlessly in willful or wanton disregard of the rights or safety of others without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property of another, as set forth in NMSA § 66-8-1 13;

e.    the duty not to operate a commercial motor vehicle while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the commercial vehicle, as set forth in FMCSR § 392.3;

f.    the duty to obey traffic-control devices and/or signals, pursuant to NMSA §§ 66-7-104 and 66-7-105;

    g.    the duty not to speed-and to control a speed necessary to avoid colliding with persons and/or vehicles on the highway as set forth in NMSA § 66-7-301; and

    h.    the duty not to drive a motor vehicle unless physically fit to do so, as required by NMSA § 65-3-7 and FMCSR §§ 391.11(b)(4) and 391.41.

30. Defendant John Doe's negligent operation of his vehicle on or about June 12, 2017 caused actual and proximate damages to Plaintiffs.

31. Defendant's breach of duty was a cause of death to Ms. Idalia Dominguez, including physical pain and suffering, emotional trauma, and death. Defendants' negligence was the cause of injuries and damages to Ms. Idalia Dominguez and her designated beneficiaries, including, but not limited to, the following:

    a.   Expense for medical care and treatment;

    b.   Funeral and burial expenses;

    c.   Pain and suffering between the time of the collision and the time of her death;

    d.   The loss of household services;

    e.   The value of her life, including the value of her joy from living; and,

    f.   The loss of sensorium on the part of Ms. Dominguez's beneficiaries.

32. Defendants conduct was reckless and in willful disregard for the safety of drivers and the general public, including Ms. Mary Soto.

33. Defendant John Doe was an owner, employee, constructive employee and/or agent of Defendant Balance Transportation, LLC and was acting within the course and scope of his employment and/or agency.

34. Defendant Balance Transportation, LLC is vicariously liable for Defendant John

Doe's actions, under the doctrine of *respondeat superior* and other principles of agency, as it

authorized, participated in, and ratified those actions.

## COUNT II.
## NEGLIGENCE OF DEFENDANT BALANCE TRANSPORTATION, LLC

35. All preceding statements and allegations of this Complaint are incorporated herein.

36. At all times relevant to this cause of action, Defendant Balance Transportation, LLC

had a duty to act as a reasonable and prudent owner, leasor, director, dispatcher, and/or

supervisor.

37. Among the duties owed by Defendant Balance Transportation, LLC were the duties

to hire, train, supervise, monitor, and retain employees or agents to safely operate their vehicles

in compliance with applicable laws, rules, and regulations.

38. Defendant Balance Transportation, LLC breached these duties through a number of

acts and/or omissions, including without limitation:

      a.    Failing to hire a driver who would safely operate the vehicle in
             compliance with applicable laws, rules, and regulations;

      b.    Failing to adequately train and instruct Defendant John Doe as a driver of
             a commercial vehicle;

      c.    Failing to adequately supervise and monitor Defendant John Doe in the
             discharge of his duties as an operator of a commercial motor vehicle; and

      d.    Failing to implement and enforce adequate policies and procedures for the
             safe operation of commercial motor vehicles.

39. It was or should have been foreseeable to Defendant Balance Transportation, LLC

that some general harm or consequence was a reasonably foreseeable result of its negligent

hiring, contracting, training, supervising, monitoring and/or retention of Defendant John Doe,

especially given that negligent hiring, contracting, training, supervision, monitoring and/or retention involved his unsafe operation of large and dangerous commercial motor vehicles on public roadways.

40. The standard for determining whether an employer should be held liable for negligent supervision of an employee does not require proof of the actual knowledge of the employee's lack of skills or unfitness to perform such work, but whether the employer knew or should have known that some harm might be caused by the acts or omissions of the employee who is entrusted with such position. *See F & T Co. v. Woods*, 92 N.M. 697, 699, 594 P.2d 745, 747 (1979).

41. As a result of the foregoing breaches, Defendant Balance Transportation, LLC was negligent.

42. Each of the above acts and/or omissions singularly or cumulatively proximately caused the accident and the resulting injuries, death and damages sustained by the Plaintiffs.

## COUNT III.
## DIRECT and IMPUTED (VICARIOUS) NEGLIGENCE OF DEFENDANT BALANCE TRANSPORTATION, LLC

43. All preceding statements and allegations of this Complaint are incorporated herein

44. Upon Information and belief, Defendant Balance Transportation, LLC owned the commercial motor vehicle driven by Defendant John Doe along with its managers, supervisors, employees, and agents, at the time of the incident and owed a duty to ensure the safe operation of its motor carrier at all times.

45. At the time of the collision, Defendant John Doe was acting within the scope of his employment or agency with Defendant Balance Transportation, LLC.

46. Under imputed (vicarious) liability, Plaintiffs are entitled to recover all damages allowed

under New Mexico Statutory and Common Law.

47. Unlike *respondeat superior*, the theory of negligent entrustment permits imputation of negligence regardless of whether the employee was acting within the course and scope of his employment. *See e.g., Bryant v. Gilmer*, 97 N.M. 358, 360, 639 P.2d 1212 (Ct. App. 1982) (court's sole inquiry to establish negligent entrustment was whether employer knew or should have known that employee was an unsafe driver).

48. Defendant Balance Transportation, LLC was directly and independently negligent in the following ways:

   a.  The negligent hiring and/or entrustment of Defendant John Doe when they knew or should have know that he was not a reasonably safe driver;

   b.  The negligent failure to adequately train and test Defendant John Doe to determine such that he understood the laws and regulations governing his operation of a commercial motor vehicle pursuant to relevant law including the New Mexico Motor Transportation Act § 65-1-1, *et seq.*, and the Federal Motor Carrier Safety Regulations (FMCSR);

   c.  The failure to otherwise implement appropriate safety policies and equipment and train and supervise its drivers to be reasonably safe when operating commercial motor vehicles as required by New Mexico law and the FMCSR § 392.

49. As a commercial motor carrier, Defendant Balance Transportation, LLC owed a duty to provide safe, adequate service and equipment for the rendition of transportation services in New Mexico, pursuant, but not limited to New Mexico Motor Transportation Act § 65-1-1, *et seq.*, and the Federal Motor Carrier Safety Regulations (FMCSR) FMCSR §392.2.

50. Defendant Balance Transportation, LLC, its officers, agent, representatives, and employees responsible for the management, maintenance, operation, or driving of commercial motor vehicles, and/or the hiring, supervising, training, assigning or dispatching of drivers, had a duty to be instructed in and to comply with the FMSCR as required by FMSCR § 392.1.

51. It was unlawful for Defendant Balance Transportation, LLC, its owners, managers, supervisors, employees, and agents to require or permit Defendant John Doe to unsafely operate commercial vehicles on highways, as set forth in NMSA §§ 66-8-120, 66- 8-121, 65-2A-33, and FMCSR § 390.13.

52. Defendant Balance Transportation, LLC, and/or owners, managers, supervisors, employees or agents took actions/inactions which constitute negligence, and negligence *per se* which violated New Mexico statutes and regulations in force on June 12, 2017, including:

    a.    the duty to not require or permit a person to drive a commercial motor vehicle unless he is physically fit to do so, as required by NMSA §65-3-7 and FMCSR § 391.11(b)(4); and

    b.    the duty to not require and/or permit a driver to operate a commercial motor vehicle while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the commercial vehicle, pursuant to FMCSR § 392.3.

53. At all material times, Defendant Balance Transportation, LLC owed a duty to require observance by its drivers of all prescribed duties or imposed prohibitions, as set forth in FMCSR § 390.11.

54. Defendant Balance Transportation, LLC's negligence is the proximate cause of damages alleged in this Complaint.

55. Defendant Balance Transportation, LLC, its owners, managers, supervisors, employees, or agents breached the duty to not require and/or permit a driver to operate a commercial motor vehicle while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the commercial vehicle, pursuant to FMCSR § 392.3.

56. Defendant Balance Transportation, LLC and/or any of their respective agent's

failure to comply with statutes and regulations caused and/or contributed to the damages suffered by Plaintiffs.

57. Defendants Balance Transportation, LLC and driver John Doe are jointly and severally liable for violations, pursuant to NMSA §§ 66-8-120 and 65-3-3(C) and FMCSR § 390.13.

58. Defendant Balance Transportation, LLC failed to supervise and/or monitor Defendant John Doe's operation of commercial motor vehicles, including but not limited to events where Defendant John Doe demonstrated poor judgment by operating commercial vehicles in an unfit and unsafe condition upon highways, which was or should have been known by Balance Transportation, LLC.

59. Under direct and imputed (vicarious) liability, Plaintiff is entitled to recover all damages pursuant to the New Mexico Statutory and Common Law.

60. The wrongful acts or failure(s) to act by Defendant, its managers, supervisors, employees, and/or agents as set forth above, including aggravating circumstances attended the wrongful acts and/or failure(s) to act, were a cause and/or contributing cause of decedent's death and damages, including:

      a.   decedent's pain and suffering between the time of injury and death;

      b.   past and future mental anguish and distress for her surviving beneficiaries;

      c.   decedent's funeral and burial expenses;

      d.   loss of earning capacity;

      e.   the value of the loss of contribution to household services by decedent;

      f.   loss of enjoyment of life;

      g.   loss of earning capacity;

      h.   and all other and damages and loss of consortium for which Plaintiffs seek

          relief pursuant to New Mexico law.

61. Plaintiffs seek relief pursuant to the New Mexico Wrongful Death Act, N.M. Stat. Ann

§41-211 *et seq.* (1978), and other New Mexico state laws.

62. The wrongful acts or failure(s) to act by Defendant Balance Transportation, LLC

and driver John Doe, its managers, supervisors, employees, agents and/or as set forth above,

including aggravating circumstances attended the wrongful acts and/or failure(s) to act, were a

cause and/or contributing cause Plaintiff Amelia Dominguez's damages, including:

      a.   Plaintiff's pain and suffering;

      b.   past and future mental anguish and distress;

      c.   past and future lost earnings and loss of earning capacity;

      d.   medical expenses;

      e.   and all other and damages for which Plaintiffs seek relief pursuant to New

          Mexico law.

**COUNT IV:**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

63. All previous paragraphs are incorporated by reference.

64. Plaintiff Amelia Dominguez is the biological sibling of Idalia Dominguez. Amelia

was present in the vehicle and witnessed the horrific and serious bodily harm and ultimate

death of her sister Idalia.

65. Standards applicable to actions for "**negligent infliction of emotional distress to**

**bystanders**" are: there must be marital, or intimate familial relationship between victim and

plaintiff, limited to husband and wife, parent and child, grandparent and grandchild, brother and sister, and to those persons who occupy legitimate position in loco parentis; shock to plaintiff must be severe and result from direct emotional impact upon plaintiff caused by contemporaneous sensory perception of the accident; there must be some physical manifestation of, or physical injury to the plaintiff resulting from the emotional injury; and the accident must result in physical injury or death to victim; overruling *Curry v. Journal Pub. Co.*, 41 N.M. 318, 68 P.2d 168; *Ramirez v. Armstrong*, 1983, 100 N.M. 538, 673 P.2d 822.

66. Plaintiff Amelia suffered physical, mental, and emotional damages as a result of Defendant's negligence.

## COUNT V.
## CLAIM FOR PUNITIVE DAMAGES

67. All proceeding paragraphs are incorporated by herein by reference.

68. Plaintiffs' claims punitive damages under direct and vicarious liability

69. Plaintiffs allege that the conduct of Defendant Balance Transportation, LLC and its agents was at a minimum willful and may have been reckless as the operation of large commercial vehicles is inherently dangerous and Defendants engaged in this activity for profit and with knowledge that harm could result.

70. From August 3, 2015 to July 24, 2017, Defendant Balance Transportation, LLC was cited by the Department of Transportation one-hundred and sixteen (116) times for violations including:

| Violations | Description | # Violations |
|---|---|---|
| 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit. | 1 |
| 392.71(a) | Using or equipping a CMV with radar detector | 1 |
| 392.82(a)1 | Using a hand-held mobile telephone while operating a CMV | 1 |

| 395.3(a)(3)(ii) | Driving beyond 8 hour limit since the end of the last off duty or sleeper period of at least 30 minutes | 1 |
|---|---|---|
| 395.8 | Record of Duty Status violation (general/form and manner) | 9 |
| 395.8(a) | No drivers record of duty status when one is required | 1 |
| 395.8FO1 | Drivers record of duty status not current | 2 |
| 395.8(f)(1) | Driver's record of duty status not current | 2 |
| 383.51A-NSIN | Driving a CMV while CDL is suspended for a non-safety-related reason and in the state of driver's license issuance | 1 |
| 383.51A-SIN | Driving a CMV while CDL is suspended for a safety-related or unknown reason and in state of driver's license issuance. | 1 |
| 391.11(b)(4) | Driver not physically qualified | 1 |
| 391.11(b)(5) | Driver lacking valid license for type vehicle being operated | 1 |
| 391.11B5-DEN | Driver operating a CMV without proper endorsements or in violation of restrictions. | 1 |
| 391.11B5-DNL | Driver does not have a valid operator's license for the CMV being operated. | 2 |
| 391.41(a) | No medical certificate in driver's possession | 1 |
| 392.5(a) | Driver consuming an intoxicating beverage within 4 hours before operating a motor vehicle | 1 |
| 392.5(a)(3) | Driver in possession of intoxicating beverage while on duty or driving. | 1 |
| 392.7(a) | Driver failing to conduct pre-trip inspection | 1 |
| 392.8 | Failing to inspect/use emergency equipment | 1 |
| 392.9(a)(2) | Failing to secure vehicle equipment | 5 |
| 393.100(a) | No or improper load securement | 1 |
| 393.102(a)(1)(i) | Insufficient means to prevent forward movement | 1 |
| 393.104(b) | Damaged securement system/tiedowns | 6 |
| 393.106(d) | Insufficient aggregate working load limit | 1 |
| 393.11 | No or defective lighting devices or reflective material as required | 1 |
| 393.110(b) | Insufficient tiedowns to prevent forward movement for load not blocked by headerboard, bulkhead, or other cargo. | 1 |
| 393.11TL | Truck-Tractor lower rear mud flaps retroreflective sheeting / reflex reflective material requirements for vehicles manufactured after July 1997 | 3 |
| 393.11TU | Truck-Tractor upper body corner requirements for retroreflective sheeting or reflex reflective material for vehicles manufactured after July 1997 | 1 |
| 393.203(c) | Hood not securely fastened | 1 |
| 393.209(e) | Power steering violations | 1 |
| 393.25(f) | Stop lamp violations | 1 |
| 393.28 | Improper or no wiring protection as required | 1 |
| 393.45 | Brake tubing and hose adequacy | 1 |
| 393.45B2UV | Brake Hose or Tubing Chafing and/or Kinking Under Vehicle | 2 |
| 393.45DLUV | Brake Connections with Leaks Under Vehicle | 1 |
| 393.47(e) | Clamp or Roto type brake out-of-adjustment | 2 |
| 393.48(a) | Inoperative/defective brakes | 1 |
| 393.53(b) | CMV manufactured after 10/19/94 has an automatic airbrake adjustment system that fails to compensate for wear | 2 |

| 393.55(e) | No or Defective ABS Malfunction Indicator Lamp for trailer manufactured after 03/01/1998 | 2 |
|---|---|---|
| 393.60(c) | Damaged or discolored windshield | 2 |
| 393.75(a) | Flat tire or fabric exposed | 2 |
| 393.75(a)(4) | Tire-cut exposing ply and/or belt material | 1 |
| 393.75(c) | Tire-other tread depth less than 2/32 of inch measured in 2 adjacent major tread grooves | 5 |
| 393.78 | Windshield wipers inoperative/defective | 7 |
| 393.81 | Horn inoperative | 1 |
| 393.9 | Inoperable Required Lamp | 8 |
| 393.95(a) | No/discharged/unsecured fire extinguisher | 3 |
| 393.95(b) | No spare fuses as required | 1 |
| 393.95(f) | No / insufficient warning devices | 3 |
| 393.9H | Inoperable head lamps | 3 |
| 393.9TS | Inoperative turn signal | 1 |
| 396.1 | Must have knowledge of and comply with the Federal Motor Carrier Safety Regulations | 1 |
| 396.17(c) | Operating a CMV without proof of a periodic inspection | 3 |
| 396.3A1B | Brakes (general) Explain: | 1 |
| 396.3A1BL | Brake system pressure loss | 2 |
| 396.5(b) | Oil and/or grease leak | 5 |
| 396.5B-HLOW | Hubs - oil and/or Grease Leaking from hub - outer wheel | 2 |

71. Defendants created an extreme and obvious hazard knowingly exposing regular lawful traffic to extreme danger without notice, concern, warning, or precaution whatsoever. This shows willful, wanton, malicious, reckless, oppressive and bad faith.

72. Additionally, Defendant John Doe, driver of the CMV knowingly left the scene of the incident without rendering aid to Plaintiff.

73. Defendants failures demonstrate a conscious indifference to the consequences and foreseeable death of citizens makes the award of punitive damages appropriate.

74. Punitive damages may be awarded as deemed fair and just.

**WHEREFORE** the Plaintiffs ask for judgment against the Defendants, jointly and severally, for an amount to be determined by a jury at trial, pre-and post-judgment interest punitive

damages and for such other relief in law or equity as this Court deems just and proper.

Respectfully submitted,

**BRUSUELAS & ASSOCIATES, PC**

*Electronically Filed:*

By: /s/ Kimberly Brusuelas
    Kimberly Brusuelas, Esq.
    1015 Fifth Street, NW
    Albuquerque, NM  87102
    kim@fifthstreetlaw.com
    (505) 247-9333
    (505) 247- 9292 fax
    *Counsel for Plaintiffs*

    and

**MUCCI LAW FIRM**

By: /s/ Thomas J. Budd Mucci
    Thomas J. Budd Mucci, Esq.
    504 14th St. NW
    Albuquerque, NM 87104
    (505) 247-2211
    tom@muccilaw.com
    *Counsel for Plaintiff*

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/20/2017 3:16:40 PM
James A. Noel
Patricia Serna

SECOND JUDICIAL DISTRICT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

JAMES R. GLOVER as Personal Representative
of the Wrongful Death Estate of IDALIA DOMINGUEZ, deceased,
And AMELIA DOMINGUEZ,

       Plaintiff,

v.                      Case No.  D-202-CV-2017-06696

BALANCE TRANSPORTATION, LLC, and
JOHN DOES #1-10,

       Defendants.

## <u>MOTION FOR APPOINTMENT OF JAMES R. GLOVER AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ACT ESTATE OF IDALIA DOMINGUEZ, DECEASED</u>

**COMES NOW** Plaintiffs, through attorneys, Kimberly Brusuelas, and Thomas J. Budd

Mucci, request this Court grant this Motion for Appointment of James R. Glover as the Personal

Representative of the Wrongful Death Estate of Idalia Dominguez, deceased, and in support:

1. Idalia Dominguez died on or about June 12, 2017 resulting from an incident which

   occurred in Dona Ana County, New Mexico.

2. At the time of her death, decedent resided in Luna County, New Mexico.

3. Plaintiff, James R. Glover, resides in Bernalillo County, New Mexico.

4. Plaintiff, asks this Court to affirm him as Personal Representative of the Wrongful

   Death Estate of Idalia Dominguez pursuant to the New Mexico Wrongful Death Act,

   NMSA§§ 41-2-1 to 4., with full authority to prosecute a wrongful death action on

   behalf of the estate of the deceased.

1

5. At this time, no other person has been appointed as the personal representative of the decedent's wrongful death estate.

WHEREFORE, Plaintiff requests the Court appoint James R. Glover to serve as the Personal Representative of the Wrongful Death Estate of Idalia Dominguez, deceased pursuant to the New Mexico Wrongful Death Act, NMSA§§ 41-2-1 to 4.

Respectfully submitted,

**BRUSUELAS & ASSOCIATES, PC**

*Electronically Filed:*

By: /s/ Kimberly Brusuelas
Kimberly Brusuelas, Esq.
1015 Fifth Street, NW
Albuquerque, NM  87102
(505) 247-9333
(505) 247- 9292 fax
kim@fifthstreetlaw.com
*Counsel for Plaintiff*

and

**MUCCI LAW FIRM**

By: */s/ Thomas J. Budd Mucci*
Thomas J. Budd Mucci, Esq.
504 14th St. NW
Albuquerque, NM 87104
(505) 247-2211
tom@muccilaw.com
*Counsel for Plaintiff*

2

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/20/2017 3:16:40 PM
James A. Noel
Patricia Serna

SECOND JUDICIAL DISTRICT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO


JAMES R. GLOVER as Personal Representative
of the Wrongful Death Estate of IDALIA DOMINGUEZ, deceased,
And AMELIA DOMINGUEZ,

       Plaintiff,

v.                                              Case No. ___D-202-CV-2017-06696___

BALANCE TRANSPORTATION, LLC, and
JOHN DOES #1-10,

       Defendants.

## DEMAND FOR TRIAL BY JURY

      COMES NOW Plaintiff, through counsel, Kimberly Brusuelas, pursuant to Rule 1-038

NMRA, and they hereby state as follows:

1. Plaintiff is entitled to demand jury by trial.

2. Plaintiff hereby demands a trial by jury.

3. This matter is controlled by Rule 1-038, Rules of Civil Procedure for the District Courts.

4. This demand is timely and filed this same day of filing Plaintiff's Complaint.

5. The full and proper initial fee for trial by jury of six ($150) has been tendered with

    this demand.

      WHEREFORE Plaintiffs hereby make their demand for jury by trial of six citizens of the State

of New Mexico and further gives notice to Defendant of the demand herein.


               Respectfully submitted:

               **BRUSUELAS & ASSOCIATES, PC**

By: */s/ Kimberly Brusuelas*
Kimberly Brusuelas, Esq.
1015 5th St. NW
Albuquerque, NM 87102
(505) 247-9333
(505) 247-9292 (FAX)
kim@fifthstreetlaw.com
*Attorney for Plaintiff*

2

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/20/2017 3:16:40 PM
James A. Noel
Patricia Serna

SECOND JUDICIAL DISTRICT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO


JAMES R. GLOVER as Personal Representative
of the Wrongful Death Estate of IDALIA DOMINGUEZ, deceased,
And AMELIA DOMINGUEZ,

       Plaintiff,

v.                                Case No.   D-202-CV-2017-06696

BALANCE TRANSPORTATION, LLC, and
JOHN DOES #1-10,

       Defendants.

## ARBITRATION CERTIFICATE PURSUANT TO LR 2-603

       COMES NOW counsel for Plaintiff and in respect to the local rule they state as follows:

Counsel believes, in good faith, that the damages in this case are greater than $25,000 and

therefore not subject to arbitration per the local rule.

                          Respectfully submitted:

                          **BRUSUELAS & ASSOCIATES, PC**

                          By: */s/ Kimberly Brusuelas*
                          Kimberly Brusuelas, Esq.
                          1015 5th St. NW
                          Albuquerque, NM 87102
                          (505) 247-9333
                          (505) 247-9292 (FAX)
                          kim@fifthstreetlaw.com
                          *Attorney for Plaintiffs*

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/9/2017 11:24:24 AM
James A. Noel
Dora Bozovic

SECOND JUDICIAL DISTRICT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

JAMES R. GLOVER as Personal Representative
of the Wrongful Death Estate of IDALIA DOMINGUEZ, deceased,
And AMELIA DOMINGUEZ,

        Plaintiff,

v.                                   Case No.D-202-CV-2017-06696

BALANCE TRANSPORTATION, LLC, and
JOHN DOES #1-10,

        Defendants.

## AMENDED MOTION FOR APPOINTMENT OF JAMES R. GLOVER AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ACT ESTATE OF IDALIA DOMINGUEZ, DECEASED

**COMES NOW** Plaintiffs, through attorneys, Kimberly Brusuelas, and Thomas J. Budd

Mucci, request this Court grant this Amended Motion for Appointment of James R. Glover as the

Personal Representative of the Wrongful Death Estate of Idalia Dominguez, deceased, and in

support:

1. Idalia Dominguez died on or about June 12, 2017 resulting from an incident which

    occurred in Dona Ana County, New Mexico.

2. At the time of her death, decedent resided in Luna County, New Mexico.

3. Plaintiff, James R. Glover, resides in Bernalillo County, New Mexico. James R.

    Glover is a licensed attorney with the New Mexico State Bar, submits this Motion for

    Appointment to serve as the Personal Representative of the Wrongful Death Estate of

1

Gevion Lewis for the purpose of prosecuting this wrongful death action pursuant to N.M. Stat. Ann. §41-2-1 (1978) *et seq.*

4.  Alonso Navarrete is the biological child of Idalia Dominguez and the surviving beneficiary of her Wrongful Death Estate, pursuant to the Wrongful Death Act; NMSA 1978 §§ 41-2-1 to 4. Mr. Navarrete has been located at the time of filing this Motion. Mr. Navarrete' last known address is 10073 N. Hickory Ln., Columbus, IN 47203. Plaintiffs and counsel recognize the duty to notify all potential statutory beneficiaries of this action and a copy of the Complaint has been sent to Mr. Navarrete.

5.  Plaintiff, asks this Court to affirm Mr. Glover as Personal Representative of the Wrongful Death Estate of Idalia Dominguez pursuant to the New Mexico Wrongful Death Act, NMSA§§ 41-2-1 to 4., with full authority to prosecute a wrongful death action on behalf of the estate of the deceased.

6.  At this time, no other person has been appointed as the personal representative of the decedent's wrongful death estate.

WHEREFORE, Plaintiff requests the Court appoint James R. Glover to serve as the Personal Representative of the Wrongful Death Estate of Idalia Dominguez, deceased pursuant to the New Mexico Wrongful Death Act, NMSA§§ 41-2-1 to 4.

Respectfully submitted,

**BRUSUELAS & ASSOCIATES, PC**

*Electronically Filed:*

By: /s/ Kimberly Brusuelas

2

Kimberly Brusuelas, Esq.
1015 Fifth Street, NW
Albuquerque, NM  87102
(505) 247-9333
(505) 247- 9292 fax
kim@fifthstreetlaw.com
*Counsel for Plaintiff*

and

**MUCCI LAW FIRM**

By: */s/ Thomas J. Budd Mucci*
     Thomas J. Budd Mucci, Esq.
     504 14th St. NW
     Albuquerque, NM 87104
     (505) 247-2211
     tom@muccilaw.com
     *Counsel for Plaintiff*

3